UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL ALEXANDER and
EDNA ALEXANDER,

    Plaintiffs,                                                 Case No. 2:09-cv-12303

v.

DEL MONTE CORPORATION,
a Delaware Corporation, and
THE KROGER COMPANY, an
Ohio Corporation,

    Defendants,
_____/

MARK F. MILLER (P36404)
RONALD F. DeNARDIS (P23268)
DeNardis, McCandless & Miller, P.C.
Attorneys for Plaintiffs
10 S. Main Street, Suite 307
Mt. Clemens, MI  48043
(586) 469-9191
F (586) 307-8397
_____/

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

    There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a Judge.

_____
Mark F. Miller (P36404), Attorney for Plaintiffs

    DARRYL ALEXANDER and EDNA ALEXANDER, by their attorneys, DeNardis, McCandless & Miller, submit the following Complaint against the Defendants.

## GENERAL ALLEGATIONS

1. Plaintiff Darryl Alexander and Edna Alexander are residents of Southfield, Michigan.

2. Defendant Del Monte Corporation is a Delaware Corporation with its principal place of business in California.

3. Defendant Del Monte Corporation does business in, among other places, the State of Michigan.

4. Defendant The Kroger Company is an Ohio corporation with its principal place of business in Ohio.

5. Defendant The Kroger Company does business in, among other places, the State of Michigan.

6. This action arises out of an incident that occurred in Oakland County, Michigan on or about April 19, 2008.

7. This Court has jurisdiction pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship among the parties.

8. The amount in controversy is in excess of $75,000 exclusive of costs, interest and attorney fees.

9. On or about April 19, 2008, Plaintiff Darryl Alexander was injured while attempting to open a jar of Del Monte Orchard Select Premium Mixed Fruit (UPC Code 0-249840-9).

10. The subject Del Monte Orchard Select Premium Mixed Fruit was purchased at the Kroger Supermarket located at 19855 12 Mile Road, Southfield, Michigan.

11. At all times relevant to this action, the aforesaid Kroger Supermarket was operated by Defendant The Kroger Company.

12. The subject Del Monte Orchard Select Premium Mixed Fruit ("the mixed fruit") was produced, processed, prepared, packaged, distributed, delivered and sold by the Defendants.

13. While Plaintiff Darryl Alexander attempted to open the jar of the mixed fruit, the lid exploded from the jar and struck Plaintiff Darryl Alexander in the face and eye.

14. As a result of being struck by the jar lid, Mr. Alexander suffered severe injuries, including, but not limited to:

  a. Injuries to his head and face;

  b. Subconjunctival hemorrhage;

  c. Decreased visual acuity;

  d. Traumatic optic neuropathy; and

  e. Other serious and permanent injuries.

## COUNT I – VIOLATION OF THE MICHIGAN FOOD LAW

15. The Plaintiffs incorporate by reference the allegations in the preceding paragraphs.

16. The mixed fruit produced, processed, prepared, packaged, distributed, delivered and sold by the Defendants is "food" as defined by the Michigan Food Law of 2000 (MCL 289.1107, *et seq*).

17. The mixed fruit produced, processed, prepared, packaged, distributed, delivered and sold by the Defendants was improperly packaged, unstable and/or contained a deleterious

substance or improper mixture of substances that rendered it injurious to health and is considered "adulterated" as defined by the Michigan Food Law of 2000 (MCL 289.1105, *et seq*).

18. The mixed fruit produced, processed, prepared, packaged, distributed, delivered and sold by the Defendants was packed in a container that was defective or was composed of a deleterious substance that rendered it injurious to health such that the mixed fruit is considered "adulterated" as defined by the Michigan Food Law of 2000 (MCL 289.1105, *et seq*).

19. The Defendants owed a statutory duty to the Plaintiffs and to the public to refrain from manufacturing, selling, delivering, holding or offering for sale adulterated or misbranded food pursuant to the Michigan Food Law of 2000 (MCL 289.5101).

20. The Defendants violated their statutory duty owed to the Plaintiffs and the public by manufacturing, selling, delivering, holding and offering for sale adulterated food; specifically, the mixed fruit that was injurious to health.

21. As a result of the Defendants' violation of their statutory duty, Mr. Alexander suffered severe and permanent injuries including, but not limited to:

    a. Injuries to his head and face;

    b. Subconjunctival hemorrhage;

    c. Decreased visual acuity;

    d. Traumatic optic neuropathy; and

    e. Other serious and permanent injuries.

22. In addition to the injuries identified above, Mr. Alexander has suffered, and continues to suffer, pain, psychological harm, humiliation, anxiety, anguish, medical expenses, lost wages and lost wage earning capacity as a result of the violation of the aforesaid statutory duty by the Defendants.

WHEREFORE, Plaintiffs Darryl Alexander and Edna Alexander respectfully request judgment against the Defendants in whatever amount above $75,000 that they are found to be entitled, plus costs, interest, attorney fees and all other remedies provided by the Michigan Food Law of 2000.

## COUNT II –BREACH OF UCC WARRANTY

23. The Plaintiffs incorporate by reference the allegations in the preceding paragraphs.

24. The mixed fruit produced, processed, prepared, packaged, distributed, delivered and sold by the Defendants falls within the definition of "goods" as defined by the Uniform Commercial Code (MCL 440.2105, *et seq*).

25. The Defendants impliedly warranted, pursuant to the Uniform Commercial Code (MCL 440.2314, *et seq*), through their advertising, labeling on package and in other ways, that the mixed fruit was of good and merchantable quality, was properly packaged, was safe and fit for human consumption.

26. The Defendants breached the aforesaid warranty because the mixed fruit was improperly packaged, unstable and/or contained a deleterious substance or improper mixture of substances that rendered it injurious to health.

27. As a result of the Defendants' breach of warranty, Mr. Alexander suffered from severe and permanent injuries, including, but not limited to:

    a. Injuries to his head and face;

    b. Subconjunctival hemorrhage;

    c. Decreased visual acuity;

      d.      Traumatic optic neuropathy; and

      e.      Other serious and permanent injuries.

28.    In addition to the injuries identified above, Mr. Alexander has suffered, and continues to suffer, pain, psychological harm, humiliation, anxiety, anguish, medical expenses, lost wages and lost wage earning capacity as a result of the violation of the aforesaid statutory duty by the Defendants.

WHEREFORE, Plaintiffs Darryl Alexander and Edna Alexander respectfully request judgment against the Defendants in whatever amount above $75,000 that they are found to be entitled, plus costs, interest, attorney fees and all other remedies provided by the Uniform Commercial Code.

## COUNT III—BREACH OF WARRANTY

29.    The Plaintiffs incorporate by reference the allegations in the preceding paragraphs.

30.    The Defendants impliedly warranted, pursuant to the Common Law of the State of Michigan, that the mixed fruit was of good and merchantable quality, was properly packaged, was safe and fit for human consumption.

31.    The Defendants breached the aforesaid warranty because the mixed fruit was improperly packaged, unstable and/or contained a deleterious substance or improper mixture of substances that rendered it unsafe and injurious to health.

32.    As a result of the Defendants' breach of warranty, Mr. Alexander suffered severe and permanent injuries including, but not limited to:

      a.      Injuries to his head and face;

      b.      Subconjunctival hemorrhage;

      c.      Decreased visual acuity;

      d.      Traumatic optic neuropathy; and

      e.      Other serious and permanent injuries.

33. In addition to the injuries identified above, Mr. Alexander has suffered, and continues to suffer, pain, psychological harm, humiliation, anxiety, anguish, medical expenses, lost wages and lost wage earning capacity as a result of the breach of warranty by the Defendants.

WHEREFORE, Plaintiffs Darryl Alexander and Edna Alexander respectfully demand judgment against the Defendants in whatever amount above $75,000 that they are found to be entitled, plus costs, interest, attorney fees and all other remedies provided by law.

## COUNT IV-NEGLIGENCE

34. The Plaintiffs incorporate by reference the allegations in the preceding paragraphs.

35. The Defendants owed a duty to the Plaintiffs and to the public to use reasonable care to properly produce, process, prepare, package, distribute, deliver and sell the mixed fruit.

36. The Defendants owed a duty to the Plaintiffs and to the public in general to produce, process, prepare, package, distribute, deliver and sell the mixed fruit in accordance with applicable law, codes, regulations and industry standards.

36. The Defendants breached the aforesaid duties by various acts and omissions including, but not limited to, producing, processing, preparing, packaging, distributing, delivering and selling mixed fruit that was unsafe, improperly packaged, unstable and/or

contained a deleterious substance or improper mixture of substances that rendered it injurious to health.

37. As a result of the Defendants' negligence, Mr. Alexander suffered severe and permanent injuries including, but not limited to:

    a. Injuries to his head and face;

    b. Subconjunctival hemorrhage;

    c. Decreased visual acuity;

    d. Traumatic optic neuropathy; and

    e. Other serious and permanent injuries.

38. In addition to the injuries identified above, Mr. Alexander has suffered, and continues to suffer, pain, psychological harm, humiliation, anxiety, anguish, medical expenses, lost wages and lost wage earning capacity as a result of the negligence of the Defendants.

WHEREFORE, Plaintiffs Darryl Alexander and Edna Alexander respectfully demand judgment against the Defendants in whatever amount above $75,000 that they are found to be entitled, plus costs, interest and attorney fees.

## COUNT V – MICHIGAN CONSUMER PROTECTION ACT

39. The Plaintiffs incorporate by reference the allegations in the preceding paragraphs.

40. The Defendants are engaged in trade or commerce as defined by the Michigan Consumer Protection Act (MCL 445.902, *et seq*).

41. Mr. Alexander is a person as defined by the Michigan Consumer Protection Act (MCL 445.902, *et seq*).

42. Mr. Alexander is a person who suffered loss as defined by the Michigan Consumer Protection Act (MCL 445.911, *et seq*).

43. By engaging in the conduct previously alleged, the Defendants violated the Michigan Consumer Protection Act including, but not limited to, the conduct identified in MCL 445.903(I)(e)(g)(p)(S) and (CC).

44. As a result of the Defendants' violation of the Michigan Consumer Protection Act, Mr. Alexander suffered severe and permanent injuries including, but not limited to:

   a. Injuries to his head and face;
   b. Subconjunctival hemorrhage;
   c. Decreased visual acuity;
   d. Traumatic optic neuropathy; and
   e. Other serious and permanent injuries.

45. In addition to the injuries identified above, Mr. Alexander has suffered, and continues to suffer, pain, psychological harm, humiliation, anxiety, anguish, medical expenses, lost wages and lost wage earning capacity as a result of the violation of the aforesaid statutory duty by the Defendants.

WHEREFORE, Plaintiffs Darryl Alexander and Edna Alexander respectfully demand judgment against the Defendants in whatever amount above $75,000 that they are found to be entitled, plus costs, interest and attorney fees.

## COUNT VI

46. The Plaintiffs incorporate by reference the allegations in the preceding paragraphs.

47. Plaintiff Edna Alexander is, and at all times relevant was, the lawful wife of Plaintiff Darryl Alexander.

48. Plaintiff Edna Alexander suffered damages that were proximately caused by the acts and omissions of the Defendants as described above.

49. As a direct and proximate result of the acts and omissions of the Defendants as described above, Plaintiff Edna Alexander suffered loss of consortium, loss of society and companionship, and other damages.

WHEREFORE, Plaintiffs Darryl Alexander and Edna Alexander respectfully demand judgment against the Defendants in whatever amount above $75,000 that they are found to be entitled, plus costs, interest and attorney fees.

Respectfully submitted,

By:   s/Mark F. Miller
DeNardis, McCandless & Miller, P.C.
70 Macomb Place, Suite 200
Mt. Clemens, MI 48043
586.469.9191
mmiller@dmm-law.com
P36404

Dated: June 15, 2009

## DEMAND FOR JURY TRIAL

Plaintiffs Darryl Alexander and Edna Alexander, by their attorneys, DeNardis, McCandless & Miller, hereby demand a trial by jury in the above-captioned matter.

           Respectfully submitted,

           By:    s/Mark F. Miller
           DeNardis, McCandless & Miller, P.C.
           70 Macomb Place, Suite 200
           Mt. Clemens, MI 48043
           586.469.9191
           mmiller@dmm-law.com
           P36404

Dated:  June 15, 2009