UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL ALEXANDER and EDNA
ALEXANDER,

      Plaintiffs,                         Case No. 09-12303

v.                                      Honorable Patrick J. Duggan

DEL MONTE CORPORATION and THE
KROGER COMPANY,

      Defendants.
_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on January 11, 2011.

PRESENT:        THE HONORABLE PATRICK J. DUGGAN
                         U.S. DISTRICT COURT JUDGE

Darryl Alexander and his wife, Edna Alexander, filed this action against Del Monte Corporation ("Del Monte") and The Kroger Company ("Kroger") to recover damages for injuries Mr. Alexander sustained while opening a jar of fruit. Presently before the Court is Defendants' Motion in Limine to preclude any reference at trial to the Michigan Food Law of 2000 (the "Food Law"), Michigan Compiled Laws § 289.1101 *et seq*. The matter has been fully briefed by the parties, and the Court dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1f(2). For the reasons stated below, the Court denies Defendants' Motion.

Defendants argue that the Food Law has no bearing on this case, as the Court granted Defendants summary judgment on Plaintiffs' Food Law claim. Plaintiffs contend that the statute establishes the applicable standard of care for their negligence claim. Michigan law permits the use of a statute in establishing the standard of care in a negligence action: "The fact that a person has violated a safety statute may be admitted as evidence bearing on the question of negligence." *Klansec v. Anderson Sales & Serv., Inc.*, 426 Mich. 78, 86, 393 N.W.2d 356, 359 (Mich. 1986). The use of a statutory violation to establish negligence is a matter of judicial discretion. *Id.* at 87, 393 N.W.2d at 360. A statutory violation is relevant to a negligence action where: (1) the statute is intended to protect against the result of the violation; (2) the plaintiff is within the class intended to be protected by the statute; and (3) the evidence will support a finding that the violation was a proximate contributing cause of the occurrence. *Id.*, 393 N.W.2d at 360.

The Court concludes that the Food Law is intended to protect against the result of the violation alleged by Plaintiffs. Among the legislature's purposes for enacting the Food Law was "to regulate the labeling, manufacture, distribution, and sale of food for protection of the consuming public." Michigan Compiled Laws prec. § 289.1101. Plaintiffs allege that the jar of fruit was sold after its shelf life, resulting in the buildup of gas inside the jar, and the "explosion" of the jar when Mr. Alexander attempted to open it. Mr. Alexander is certainly part of the consuming public, and the danger was allegedly caused by the improper labeling, manufacture, and distribution of food. Defendants suggest that the Food Law's focus is intentional mislabeling, but the Court has found nothing in the statute limiting its reach to intentional violations. The Court also concludes

that Plaintiffs are within the class of persons intended to be protected by the Food Law, as they are members of the consuming public who purchased a food product.

Finally, the Court concludes that the evidence supports a finding that the alleged violation was a proximate contributing cause of Mr. Alexander's injuries. While improper labeling could not have caused the contents of the jar to become dangerous, the evidence shows that it contributed to the jar being in Mr. Alexander's possession. Defendants have not disputed that the latest possible expiration date for the jar of fruit at issue was March 31, 2008. Kroger has presented the testimony of Beatrice Imm, its produce manager, stating that expired product is removed from store shelves daily. Imm Dep. 16:11, Feb. 18, 2010. Thus, if the jar had been labeled with the proper expiration date, it would have been removed from the shelves before Mrs. Alexander purchased it on April 8, 2008. Plaintiff's counsel has also indicated that Mrs. Alexander will testify that she would not have purchased fruit past its expiration date, even if it had been on Kroger's shelves. Hr'g Tr. 21, Oct. 14, 2010. Although the jar's labeling was not the only cause of the incident, the evidence suggests that it was a proximate contributing cause.

The Court concludes that evidence of Defendants' violation of the Food Law is relevant in establishing the applicable standard of care for Plaintiffs' negligence claim.

Accordingly,

**IT IS ORDERED** that Defendants' Motion in Limine to Preclude Reference to the Michigan Food Law of 2000 is **DENIED**.

                                       s/PATRICK J. DUGGAN
                                       UNITED STATES DISTRICT JUDGE

Copies to:

Mark F. Miller, Esq.
Mary A. Kalmink, Esq.