UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL ALEXANDER and EDNA
ALEXANDER,

       Plaintiffs,                                    Case No. 09-12303

v.                                                  Honorable Patrick J. Duggan

DEL MONTE CORPORATION and THE
KROGER COMPANY,

       Defendants.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on January 11, 2011.

PRESENT:        THE HONORABLE PATRICK J. DUGGAN
                         U.S. DISTRICT COURT JUDGE

Darryl Alexander and his wife, Edna Alexander, filed this action against Del Monte Corporation ("Del Monte") and The Kroger Company ("Kroger") to recover damages for injuries Mr. Alexander sustained while opening a jar of fruit. Presently before the Court is Defendants' Renewed Motion for Summary Judgment as to Plaintiffs' Consumer Protection Act Claim. The matter has been fully briefed, and the Court dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1f(2). For the reasons stated below, the Court grants Defendants' Motion.

**I. Procedural Background**

On June 30, 2010, Defendants filed a Motion for Summary Judgment in this matter, arguing, *inter alia*, that the Michigan Consumer Protection Act ("MCPA"), Michigan Compiled Laws § 445.901 *et seq.*, was inapplicable to Plaintiffs' claims. The Court heard oral arguments on October 14, 2010, and did not grant summary judgment on the MCPA claim, but indicated at the hearing that it may still be persuaded before trial that the MCPA claim should be dismissed. On December 23, 2010, Defendants filed this Renewed Motion for Summary Judgment, arguing that the MCPA claim should be dismissed because (1) the alleged conduct is exempt from the MCPA, and (2) Plaintiffs' claim is really a product liability action.

## II. Standard of Review

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986). After adequate time for discovery and upon motion, Rule 56 mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). The movant has an initial burden of showing "the absence of a genuine issue of material fact." *Id.* at 323, 106 S. Ct. at 2553.

Once the movant meets this burden, the non-movant must come forward with

specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986). To demonstrate a genuine issue, the non-movant must present sufficient evidence upon which a jury could reasonably find for the non-movant; a "scintilla of evidence" is insufficient. *Liberty Lobby*, 477 U.S. at 252, 106 S. Ct. at 2512. The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *Id.* at 255, 106 S. Ct. at 2513. The inquiry is whether the evidence presented is such that a jury applying the relevant evidentiary standard could "reasonably find for either the plaintiff or the defendant." *Id.*, 106 S. Ct. at 2514.

### III. Discussion

#### A. Applicability of the MCPA to Negligence Claims

Defendants argue that the MCPA does not apply to Plaintiffs' claims, as the gravamen of Plaintiffs' case is a product liability or negligence action, citing *Woodman v. Kera, LLC*, 280 Mich. App. 125, 155-56, 760 N.W.2d 641, 658 (Mich. App. 2008). Defendants conclude that the MCPA applies only to claims of intentional wrongful conduct, Defs.' Br. 4, but *Woodman* imposes no such condition. In *Woodman*, the court concluded that the language of a waiver agreement was sufficiently clear that no deception could have occurred. *Id.* at 156, 760 N.W.2d at 658. Thus, it was irrelevant whether the alleged deception was intentional rather than inadvertent. Because *Woodman* does not bar MCPA claims based on unintentional actions, the case provides little support for Defendants' position. The Court concludes that under *Mikos v. Chrysler Corp.*, 158 Mich. App. 781, 784-85, 404 N.W.2d 783, 785 (Mich. Ct. App. 1987), an alleged breach of an

3

implied warranty states a claim under the MCPA. Plaintiffs have alleged that Defendants breached implied warranties by selling a defective jar of fruit. Accordingly, the Court rejects Defendants' first argument.

**B. Exemption From the MCPA**

Defendants contend that their activity is exempt from the MCPA's protections because it is specifically authorized by state and federal law. The Court notes that the MCPA is a remedial statute that must be liberally construed to achieve its intended goals. *DIRECTV, Inc. v. Cavanaugh*, 321 F. Supp. 2d 825, 838 (E.D. Mich. 2003). The statute's protections, however, do not apply to "[a] transaction or conduct specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state or the United States." Michigan Compiled Laws § 445.904(1)(a). "[T]he relevant inquiry 'is whether the general transaction is specifically authorized by law, regardless of whether the specific misconduct alleged is prohibited.'" *Liss v. Lewiston-Richards, Inc.*, 478 Mich. 203, 210, 732 N.W.2d 514, 518 (Mich. 2007) (quoting *Smith v. Globe Life Ins. Co.*, 460 Mich. 446, 465, 597 N.W.2d 28, 38 (Mich. 1999)). The burden of proving an exemption from the MCPA is on the party claiming the exemption. Michigan Compiled Laws § 445.904(4).

Del Monte contends that its alleged misconduct is exempt from the MCPA, as it was specifically authorized by the Food and Drug Administration ("FDA") to engage in the packaging of food products. The Court agrees. Federal law requires any facility engaged in the manufacturing, processing, packing, or holding food for consumption in the United States to register with the FDA. 21 U.S.C. §§ 350d(a)(1), 393. "Facility" includes "any

4

factory, warehouse, or establishment . . . that manufactures, processes, packs, or holds food." *Id.* § 350d(b)(1). Thus, federal law specifically authorizes Del Monte's processing and packing of food at its plants. This Court has previously held that where the FDA specifically authorizes the conduct at issue, the MCPA is inapplicable. *Peter v. Stryker Orthopaedics, Inc.*, 581 F. Supp. 2d 813, 815-16 (E.D. Mich. 2008). The Court concludes that Del Monte's conduct is exempt from the MCPA pursuant to Michigan Compiled Laws § 445.904(1)(a).

Kroger argues that its alleged misconduct is exempt from the MCPA, as the Michigan Food Law of 2000 (the "Food Law"), Michigan Compiled Laws § 289.1101 *et seq.*, specifically authorizes the conduct at issue. The Food Law prohibits the operation of a "food establishment" unless it is licensed by the Michigan Department of Agriculture. Michigan Compiled Laws § 289.4101(1). The statute specifically designates grocery stores as "food establishments." Michigan Compiled Laws § 289.1107(j). Thus, Michigan law specifically authorizes the general transaction at issue here, the sale of food products in a retail grocery. As conduct specifically authorized by Michigan law, Kroger's sale of the fruit is exempt from the MCPA's protections.

Accordingly,

**IT IS ORDERED** that Defendants' Renewed Motion for Summary Judgment is **GRANTED** as to Plaintiffs' Count V, "Michigan Consumer Protection Act."

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

Mark F. Miller, Esq.
Mary A. Kalmink, Esq.

6