UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL ALEXANDER and EDNA
ALEXANDER,

    Plaintiffs,                                  Case No.

v.                                             Honorable Patrick J. Duggan

DEL MONTE CORPORATION and THE
KROGER COMPANY,

    Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION IN LIMINE**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on January 11, 2011.

PRESENT:        THE HONORABLE PATRICK J. DUGGAN
                          U.S. DISTRICT COURT JUDGE

Darryl Alexander and his wife, Edna Alexander, filed this action against Del Monte Corporation ("Del Monte") and The Kroger Company ("Kroger") to recover damages for injuries Mr. Alexander sustained while opening a jar of fruit. Presently before the Court is Defendants' Motion in Limine for Sanctions Due to Plaintiffs' Spoliation of Evidence. The Court dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1f(2), and for the reasons stated below, grants Defendants' Motion.

**I. Factual Background**

On April 18, 2008, Darryl Alexander was unable to open a jar of Del Monte fruit.

He ran it under warm water and tried again, to no avail.  Mr. Alexander next tried tapping on the lid with a rubber-handled screwdriver to loosen it.  He claims that after he tapped twice on the side of the lid with the rubber handle, the lid "exploded" from the jar and struck him in the face and eye.  D. Alexander Dep. 16:13-15, Dec. 7, 2009.

While Edna Alexander attended to Darryl, her sister, Ann Massad, threw away the fruit that had spilled onto the kitchen counter.  She later told Edna Alexander that the fruit she had cleaned up "smelled bad."  E. Alexander Dep. 7:22-8:3, Dec. 7, 2009.  Someone placed the jar, which still contained some fruit, in the refrigerator.  The damaged lid was laid on top, as it could not be screwed back onto the jar.  Mr. Alexander's family rushed him to the hospital, where he was treated for facial and eye injuries.

The following day, Massad returned to the Alexanders' home and took photographs of Darryl Alexander's face.  She removed the jar from the refrigerator, placed it on the counter, and took photographs of the jar and damaged lid.  The jar was returned to the refrigerator, where it remained for a few days.  When Edna Alexander noticed that the fruit in the jar smelled, she dumped the fruit into the garbage disposal.  E. Alexander Dep. 9:19-20.  She asserts that she never rinsed the jar, and that some fruit residue remained even when she brought the jar to her attorney.  E. Alexander Dep. 9:25-10:3.

## II. Standard of Review

The Court applies federal law and exercises broad discretion when imposing sanctions for spoliation of evidence.  *Adkins v. Wolever*, 554 F.3d 650, 652-53 (6th Cir. 2009) (en banc).  "[A] proper spoliation sanction should serve both fairness and punitive functions."  *Id.* at 652.  "Because failures to produce relevant evidence fall 'along a

2

continuum of fault – ranging from innocence through the degrees of negligence to intentionality,' the severity of a sanction may, depending on the circumstances of the case, correspond to the party's fault." *Id.* at 652-53 (citation omitted) (quoting *Welsh v. United States*, 844 F.2d 1239, 1246 (6th Cir. 1988)). Courts may impose a range of sanctions, including "dismissing a case, granting summary judgment, or instructing a jury that it may infer a fact based on lost or destroyed evidence." *Id.* at 653.

### III. Discussion

Defendants argue that the Court should preclude the introduction of any testimony that the fruit was fermented or "smelled bad," because the fruit's destruction prevents them from directly disproving these assertions. The Court notes that Plaintiffs face the same issue, as without the fruit, they cannot directly support their fermentation theory. Absent such evidence, the parties may rely on indirect proof. Because the destruction of the fruit affects both parties, and there is no indication of bad faith, the Court cannot justify a harsh sanction such as preclusion of testimony.

As an alternative, Defendants seek a jury instruction permitting an inference that the destroyed evidence was unfavorable to Plaintiffs. An adverse inference instruction is appropriate where a party knew that the evidence was relevant to some issue at trial and his culpable conduct resulted in its destruction. *Beaven v. U.S. Dep't of Justice*, 622 F.3d 540, 553 (6th Cir. 2010). The key is the alleged spoliator's mental state regarding any obligation to preserve evidence and the subsequent destruction. *Id.* The culpable state of mind factor is satisfied where evidence was destroyed negligently, even without intent to breach a duty to preserve it. *Id.* at 554. A party is obligated to preserve evidence that he

3

should have known may be relevant to future litigation, but where there was no notice of pending litigation, destruction of evidence does not necessarily indicate intent. *Id.* at 553.

Plaintiffs assert that they preserved what seemed to be the relevant evidence, the jar and the lid. Plaintiffs took photographs the day after the incident and saved the fruit for two days despite its alleged smell. This indicates their intent to litigate and an awareness of the need to preserve evidence. It is unclear, however, whether Plaintiffs understood the importance of preserving the fruit along with the jar. Thus, the "middle ground" sanction of an adverse inference instruction is appropriate; such an approach does not condone the negligent spoliation of evidence, yet does not impose an unduly harsh penalty on a merely negligent party. *See Welsh v. United States*, 844 F.2d 1239, 1249 (6th Cir. 1988). Such an instruction should level the evidentiary playing field here.

Accordingly, the jury will be instructed that because Plaintiffs did not preserve or produce the fruit, the jury is permitted, but not required, to infer that the fruit was not fermented and did not have a bad odor.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that Defendants' Motion in Limine for Sanctions Due to Plaintiffs' Spoliation of Evidence is **GRANTED**.

                                                s/PATRICK J. DUGGAN
                                                UNITED STATES DISTRICT JUDGE

Copies to:

Mark F. Miller, Esq.
Mary A. Kalmink, Esq.