UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL ALEXANDER and EDNA
ALEXANDER,

      Plaintiffs,                                   Case No. 09-12303

v.                                                Honorable Patrick J. Duggan

DEL MONTE CORPORATION and THE
KROGER COMPANY,

      Defendants.
                                            /

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on January 11, 2011.

PRESENT:        THE HONORABLE PATRICK J. DUGGAN
                        U.S. DISTRICT COURT JUDGE

Darryl Alexander and his wife, Edna Alexander, filed this action against Del Monte Corporation ("Del Monte") and The Kroger Company to recover damages for injuries Mr. Alexander sustained while opening a jar of fruit. Presently before the Court is Plaintiffs' Motion in Limine to preclude reference to Del Monte's amended answers to Plaintiffs' interrogatories. Also before the Court is Defendants' Countermotion in Limine to preclude reference to Del Monte's original answers to Plaintiffs' interrogatories. The matter has been fully briefed by the parties, and the Court dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1f(2). For the reasons stated below,

the Court denies both Plaintiffs' Motion and Defendants' Countermotion.

## I. Procedural Background

Plaintiffs' Interrogatory No. 6 asked Del Monte to state the date and location of the jar's production. Del Monte answered in October 2009, stating:

> The product was produced at Del Monte Plant #001 in Modesto, CA. Defendant Del Monte cannot determine the date of production because the manufacturer's code is no longer on the jar.

Pls.' Mot. Ex. A. Plaintiffs' Interrogatory No. 10 asked Del Monte to state the recommended temperature range for the product's storage prior to opening. Del Monte answered this interrogatory: "Recommended temperature range is 34-40 degrees Farenheit." *Id.* Plaintiffs also submitted a second set of interrogatories to Del Monte, and Interrogatory No. 1 asked Del Monte to state whether it produced Orchard Select Premium Mixed Fruit with a "best by" date code of May 31, 2008. Del Monte answered:

> No. "Mar 31 2008" was used as the "best by" date code for all Del Monte Orchard Select Premium Mixed Fruit packed in September 2006, the only month in 2006 when this product was packed.

Pls.' Mot. Ex. C. Del Monte's answers to the other interrogatories in that set referred to this "Mar 31 2008" code. *Id.*

In December 2010, Del Monte amended its answers to Plaintiffs' interrogatories. Its amended answer to No. 6 of the First Set of Interrogatories states: "The product was produced at Del Monte Plant #001 in Modesto, CA in September of 2006." Pls.' Mot. Ex. B. Its amended answer to No. 10 states:

> The following is printed on the label: "BEST IF REFRIGERATED" and "REFRIGERATE AFTER OPENING". The following is printed on the lid: "REFRIGERATE AFTER OPENING".

2

*Id.* Finally, Del Monte's amended answer to Interrogatory No. 1 of the Second Set of Interrogatories states:

> No. "033108" was used as the "best by" date code for Del Monte Orchard Select Premium Mixed Fruit packed in September of 2006, the only month in 2006 when this product was packed.

Pls.' Mot. Ex. D.  Del Monte amended its answers to the other interrogatories in that set to refer to this updated date code.

## II. Discussion

Plaintiffs argue that the amended answers are based not on newly discovered evidence, but rather on a desire to make the answers more favorable to Defendants. Plaintiffs note that the updated date code in Del Monte's amended answer corresponds to the numbering system used on Del Monte's packaging materials.  The updates to the answers concerning the jar's production date and recommended storage temperature similarly support Defendants' positions.  Plaintiffs argue that the Court should preclude any reference to the amended answers.

Answers to interrogatories may be offered as evidence at trial, as they constitute admissions of a party-opponent.  *Gadaleta v. Nederlandsch-Amerekaansche Stoomvart*, 291 F.2d 212, 213 (2d Cir. 1961); 7 *Moore's Federal Practice* § 33.160 (Matthew Bender 3d ed.).  "Normally, a party may not introduce his self-serving answers to an opponent's interrogatories."  *Grace & Co. v. City of Los Angeles*, 278 F.2d 771, 776 (9th Cir. 1960). But where a party introduces his opponent's answer to an interrogatory into evidence, his opponent may introduce any other answer tending to explain or correct it.  *Id.*  "[I]f the original answer is offered into evidence by the plaintiff, the amended answer must be

3

offered into evidence at the same time if defendant so requires." *Mangual v. Prudential Lines, Inc.*, 53 F.R.D. 301, 303 (E.D. Pa. 1971). Thus, if Plaintiffs introduce Del Monte's original answers, Defendants will be permitted to introduce the amended answers at the same time.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion in Limine to preclude reference to Defendants' amended answers to Plaintiffs' interrogatories is **DENIED**;

**IT IS FURTHER ORDERED** that Defendants' Countermotion in Limine to preclude reference to Del Monte's original answers to Plaintiffs' interrogatories is **DENIED**.

s/PATRICK J. DUGGAN  
UNITED STATES DISTRICT JUDGE

Copies to:

Mark F. Miller, Esq.
Mary A. Kalmink, Esq.