UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL ALEXANDER and EDNA
ALEXANDER,

      Plaintiffs,                               Case No. 09-12303

v.                                         Honorable Patrick J. Duggan

DEL MONTE CORPORATION and THE
KROGER COMPANY,

      Defendants.
_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on January 12, 2011.

PRESENT:       THE HONORABLE PATRICK J. DUGGAN
                     U.S. DISTRICT COURT JUDGE

    Darryl Alexander and his wife, Edna Alexander, filed this action against Del Monte Corporation ("Del Monte") and The Kroger Company ("Kroger") to recover damages for injuries Mr. Alexander sustained while opening a jar of mixed fruit. Before the Court is Defendants' Motion in Limine to preclude testimony that the jar was packed before 2006. The matter has been fully briefed by the parties, and the Court dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1f(2). For the reasons stated below, the Court denies Defendants' Motion.

In their Motion, Defendants contend that the jar was packed in September 2006, and that the "best-by" date on the jar should have read March 31, 2008, rather than May 31, 2008. Defendants seek to preclude testimony that the jar may have been packed before 2006, arguing that such testimony amounts to mere speculation.

In Plaintiffs' response to Defendants' Motion in Limine, Plaintiffs state: "The Defendants seek to have this Court rule that the product in question was packed in 2006." (Resp. at 9.)

This Court does not believe it is in any position at this time to make any ruling with respect to when the product in question was packed.

The Court does not believe it would be proper to preclude Plaintiffs from offering evidence to support its claim that the product was packed prior to 2006. Should the Plaintiffs offer such evidence, the Court believes that Defendant will attempt to offer evidence to refute that claim. Contrary to Plaintiffs' claim, the Court has no present intention to make any ruling with respect to the date the product in question was packed. That "fact" should be left to the determination by the jury based on the evidence presented to the jury.

Therefore,

**IT IS ORDERED** that Defendants' Motion in Limine to preclude testimony that the jar was packed before 2006 is **DENIED**.

               s/PATRICK J. DUGGAN
               UNITED STATES DISTRICT JUDGE

Copies to:
Mark F. Miller, Esq.
Mary A. Kalmink, Esq.
Jack O. Kalmink, Esq.