UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL ALEXANDER and EDNA ALEXANDER,

      Plaintiffs,

v.

DEL MONTE CORPORATION and THE KROGER COMPANY,

      Defendants.
_____/

Case No. 09-12303

Honorable Patrick J. Duggan

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on January 12, 2011.

PRESENT:      THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

     Darryl Alexander and his wife, Edna Alexander, filed this action against Del Monte Corporation ("Del Monte") and The Kroger Company ("Kroger") to recover damages for injuries Mr. Alexander sustained while opening a jar of fruit. Presently before the Court is Defendants' Motion in Limine to preclude the inference that storage and transportation of the fruit was improper. The matter has been fully briefed by the parties, and the Court dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1f(2). For the reasons stated below, the Court denies Defendants' Motion.

     Plaintiffs argue that the law of the case doctrine bars Defendants' Motion. "Under the doctrine of law of the case, findings made at one point in the litigation become the law

of the case for subsequent stages of that same litigation." *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994). "[I]ssues, once decided, should be reopened only in limited circumstances, e.g., where there is 'substantially different evidence raised on subsequent trial; a subsequent contrary view of the law by the controlling authority; or a clearly erroneous decision which would work a manifest injustice.'" *Id.* (quoting *In re Petition of U.S. Steel Corp.*, 479 F.2d 489, 494 (6th Cir. 1973)).

The Court concludes that the law of the case doctrine bars Defendants' Motion. In their Motion for Summary Judgment, Defendants argued that testimony regarding their allegedly improper methods of product storage and transportation amounted to speculation on the part of Plaintiffs' witness, Dr. Sher Paul Singh. The Court held a hearing on the matter on October 14, 2010, and concluded that Dr. Singh should be permitted to testify. The Court noted that Defendants raised several arguments suggesting that Dr. Singh's testimony should not be believed, and could pursue these arguments on cross-examination. Defendants raise the same concerns here, but there is no indication of any of the limited circumstances warranting reconsideration.

Accordingly,

**IT IS ORDERED** that Defendants' Motion in Limine to preclude the inference that storage and transportation of the fruit was improper is **DENIED**.

                                                 s/PATRICK J. DUGGAN
                                                 UNITED STATES DISTRICT JUDGE

Copies to:
Mark F. Miller, Esq.
Mary A. Kalmink, Esq.
Jack O. Kalmink, Esq.