UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL ALEXANDER and EDNA
ALEXANDER,

      Plaintiffs,                              Case No. 09-12303

v.                                            Honorable Patrick J. Duggan

DEL MONTE CORPORATION and THE
KROGER COMPANY,

      Defendants.
_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on January 12, 2011.

PRESENT:        THE HONORABLE PATRICK J. DUGGAN
                          U.S. DISTRICT COURT JUDGE

Darryl Alexander and his wife, Edna Alexander, filed this action against Del Monte Corporation ("Del Monte") and The Kroger Company ("Kroger") to recover damages for injuries Mr. Alexander sustained while opening a jar of fruit. Presently before the Court is Plaintiffs' Motion in Limine to exclude evidence of the absence of similar incidents or customer complaints. The matter has been fully briefed by the parties, and the Court dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1f(2). For the reasons stated below, the Court grants Plaintiffs' Motion.

Plaintiffs argue that evidence of the absence of similar incidents is inadmissible to

prove the absence of negligence, relying on *Grubaugh v. City of St. Johns*, 82 Mich. App. 282, 266 N.W.2d 791 (Mich. App. 1978). Defendants contend that such evidence is admissible in product liability cases, pointing to *Koloda v. Gen. Motors Corp.*, 716 F.2d 373, 376 (6th Cir. 1983). In *Koloda*, the plaintiff asserted a claim based on a failure to warn him of a product's dangerous propensities. *Id.* at 374. The court noted that "[i]n actions for failure to warn, knowledge is a major fact question." *Id.* Because the absence of prior accidents could establish that the manufacturer lacked knowledge of any danger, the court concluded that such evidence was admissible. *Id.* at 377. Here, Plaintiffs have only asserted claims for breach of warranty, negligence, and violation of the Michigan Consumer Protection Act. Defendants have not shown that their knowledge is at issue in this case, and therefore, *Koloda* provides little support for their position.

Defendants note that evidence of the absence of prior incidents is admissible even where a plaintiff asserts a negligence or breach of warranty claim, citing *Hammons v. Icon Health & Fitness*, 616 F. Supp. 2d 674, 679 (E.D. Mich. 2009). In *Hammons*, however, the plaintiff asserted claims of negligent design and failure to warn of dangers associated with a product, requiring him to establish the defendant's knowledge of the alleged defect and danger. *Id.* at 681-83. Because Defendants have failed to demonstrate that their knowledge is relevant to Plaintiffs' claims, their reliance on *Hammons* is misplaced.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion in Limine to exclude evidence of the absence of similar accidents or customer complaints is **GRANTED**.

3

                                                                  <u>s/PATRICK J. DUGGAN</u>
                                                                  UNITED STATES DISTRICT JUDGE

Copies to:

Mark F. Miller, Esq.
Mary A. Kalmink, Esq.
Jack O. Kalmink, Esq.