UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL ALEXANDER and EDNA ALEXANDER,

    Plaintiffs,

v.

DEL MONTE CORPORATION and THE KROGER COMPANY,

    Defendants.
_____/

Case No. 09-12303

Honorable Patrick J. Duggan

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on January 12, 2011.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Darryl Alexander and his wife, Edna Alexander, filed this action against Del Monte Corporation ("Del Monte") and The Kroger Company ("Kroger") to recover damages for injuries Mr. Alexander sustained while opening a jar of fruit. Presently before the Court is Plaintiffs' Motion in Limine to preclude reference to Kroger's amended answers to Plaintiffs' interrogatories. Also before the Court is Defendants' Countermotion in Limine to preclude reference to Kroger's original answers to Plaintiffs' interrogatories. The matter has been fully briefed by the parties, and the Court dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1f(2). For the reasons stated below,

the Court denies both Plaintiffs' Motion and Defendants' Countermotion.

    Plaintiffs' Interrogatory No. 4 to Kroger stated:

> Please state the reason the date "May 31, 2008" was printed on the price sticker that was affixed to the jar of the subject Del Monte Orchard Select Premium Mixed Fruit.

*See* Pls.' Mot. Ex. A. Kroger answered the interrogatory on January 15, 2010, stating:

> It is not Defendant Kroger's regular practice to place a date on open dated items such as the subject product and believes the referenced sticker was placed on the subject product in error.

*See id.* On December 20, 2010, Kroger submitted Amended Answers to Plaintiffs' First Set of Interrogatories, updating its answer to the fourth interrogatory to read: "See deposition testimony of Beatrice Imm." *See* Pls.' Mot. Ex. B.

    Plaintiffs argue that Kroger's amendment was untimely, in violation of Federal Rule of Civil Procedure 26(e). Rule 26(e) provides:

> A party who has made a disclosure under Rule 26(a) - or who has responded to an interrogatory, request for production, or request for admission - must supplement or correct its disclosure or response:
>
> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>
> (B) as ordered by the court.

The Court notes that Imm's deposition was taken during discovery, on February 18, 2010, and Plaintiffs' counsel was present. The information Kroger referred to in its Amended Answer was therefore provided to Plaintiffs "during the discovery process." Accordingly, Rule 26(e) did not require Kroger to supplement its answer.

2

Answers to interrogatories may be offered as evidence at trial, as they constitute admissions of a party-opponent.  *Gadaleta v. Nederlandsch-Amerekaansche Stoomvart*, 291 F.2d 212, 213 (2d Cir. 1961); 7 *Moore's Federal Practice* § 33.160 (Matthew Bender 3d ed.).  "Normally, a party may not introduce his self-serving answers to an opponent's interrogatories."  *Grace & Co. v. City of Los Angeles*, 278 F.2d 771, 776 (9th Cir. 1960).  But where a party introduces his opponent's answer to an interrogatory into evidence, his opponent may introduce any other answer tending to explain or correct it.  *Id.*  "[I]f the original answer is offered into evidence by the plaintiff, the amended answer must be offered into evidence at the same time if defendant so requires."  *Mangual v. Prudential Lines, Inc.*, 53 F.R.D. 301, 303 (E.D. Pa. 1971).  Thus, Plaintiffs may introduce Kroger's original answer into evidence, but if they do so, Kroger will be permitted to introduce Imm's testimony correcting that answer at the same time.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion in Limine to preclude reference to Kroger's amended answers to Plaintiffs' interrogatories is **DENIED**;

**IT IS FURTHER ORDERED** that Defendants' Countermotion in Limine to preclude reference to Kroger's original answers to Plaintiffs' interrogatories is **DENIED**.

                                            s/PATRICK J. DUGGAN
                                            UNITED STATES DISTRICT JUDGE

Copies to:

Mark F. Miller, Esq.
Mary A. Kalmink, Esq.
Jack O. Kalmink, Esq.